IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MIELO, individually and )
on behalf of all others similarly situated, )
         Plaintiff, )
)
  vs )    Civil Action No. 2:14-cv-1162
)
AURORA HUTS, LLC, )    Cynthia R. Eddy
)    United States Magistrate Judge
         Defendant. )

# MEMORANDUM OPINION

## I. Introduction

Plaintiff, Christopher Mielo, brings this action individually and on behalf of all others similarly situated against Defendant Aurora Huts, LLC ("Defendant"), alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA").[1] Specifically, he alleges that the parking lots at fourteen (14) properties owned and managed by Defendant contain "access barriers" so as to render Defendant's properties not fully accessible to and independently usable by plaintiff and a putative class of similarly situated disabled individuals who are dependent upon wheelchairs for mobility, because of various identified access barriers that fail to comply with the requirements of the ADA.

Presently before the Court is Defendant's Motion to Dismiss the Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) challenging Plaintiff's standing to bring this action. In the alternative, Defendant moves for a more Definite

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 9 and 11.

Statement pursuant to Federal Rule of Civil Procedure 12(e). The Motion has been fully briefed by Plaintiff and Defendant. (ECF Nos. 8, 10. 12, and 25).

For the reasons that follow, the motion will be denied.

## II. Factual Allegations and Procedural Background

The facts set forth below are derived entirely from the Complaint filed on August 28, 2014. (ECF No. 1).[2] Plaintiff states that he is a resident of the Commonwealth of Pennsylvania who has a mobility disability and is limited in the major life activity of walking, causing him to be dependent upon a wheelchair for mobility. He states that he is therefore a member of a protected class under the ADA and the regulations implementing the ADA. He has visited Defendant's retail property located at 8609 University Boulevard, Coraopolis, Pennsylvania, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).[3] During this visit, he experienced unnecessary difficulty and risk due to excessively sloped surfaces in a purportedly accessible parking space and access aisle.

He indicates that, on his behalf, investigators examined multiple retail locations owned by Defendant in the Western District of Pittsburgh, Pennsylvania, specifically in Pittsburgh, Cheswick, Natrona Heights, McKeesport, New Stanton, Greensburg, Aliquippa, Baden, Harmony, Butler, and Canonsburg Pennsylvania. The investigators found numerous specified

---

[2] Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss which included an affidavit by Plaintiff as well as an affidavit by counsel. (ECF No. 10, exhibits 1 and 2). Plaintiff argues that Defendant is making a factual attack on the Class Action Complaint and therefore, the Court should consider the affidavit even though it was not part of the complaint. Defendant attacks the complaint as "facially implausible that plaintiff will immediately return to all the properties at issue. . ." Brief in Support of Motion to Dismiss (ECF No. 7), at 9. The Court finds that Defendant is in fact alleging a facial deficiency in the Complaint; therefore, the Court has not considered the factual assertions in those affidavits in connection with the pending motion.

[3] Defendant points out that it operates Pizza Hut restaurants and that section 12181(7)(B) is applicable to establishments serving food and drinks, not section 12181(7)(F) as stated by Plaintiff, which applies to service establishments (and which the Court assumes is an inadvertent but non-material error.) (Id.) at 3.

conditions which are in violation of the ADA regulations at each of these locations. Plaintiff asserts that these violations impede his access and use of these facilities. He alleges that Defendant has centralized policies regarding the management and operation of the facilities. Further, he asserts that Defendant does not have a plan or policy that is reasonably calculated to make these facilities fully accessible to and independently usable by individuals with mobility disabilities. Plaintiff intends to return to the facilities to dine and to ascertain whether the facilities remain in violation of the ADA. However, so long as the numerous architectural barriers at the facilities continue to exist, he will be deterred from doing so.

Defendant's Motion to Dismiss the Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) asserts that Plaintiff has failed to plead allegations sufficient to establish standing this matter. Further, Defendant argues that to the extent the court determines that Plaintiff has standing, his case should be limited to the one location that Plaintiff has personally visited. (ECF No. 7), at ¶¶ 1,2.

### III. STANDARDS OF REVIEW

#### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a complaint if the court lacks subject matter jurisdiction to hear the case. Among other things, a defendant may challenge the court's subject matter jurisdiction based on the plaintiff's lack of standing. ACLU-NJ v. Township of Wall, 246 F.3d 258, 261 (3d Cir. 2001). For the purposes of constitutional standing, a plaintiff must show: (1) that he or she has suffered an injury in fact – that is, an invasion of a legally protected interest which is concrete and particularized, and actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of, such that the injury fairly is traceable to the challenged

action of the defendant, rather than the result of an independent action of some third party not before the court; and (3) that it is likely the injury will be redressed by a favorable decision of the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Absent standing, and by extension subject matter jurisdiction, the court does not possess the power to decide the case, and any disposition it renders is a nullity. Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, 673 F.2d 700, 711 (3d Cir. 1982).

A defendant may challenge a court's subject matter jurisdiction with either a facial or factual attack. Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, the defendant contests the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject matter jurisdiction; as under Rule 12(b)(6), the court the court must treat the complaint's well-pleaded jurisdictional facts as true and view them in the light most favorable to the plaintiff. NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001); Cunningham v. Lenape Regional High Dist. Bd. of Educ., 492 F.Supp.2d 439, 446-47 (D.N.J. 2007). Dismissal pursuant to a facial attack "is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (internal quotation omitted).

In a factual attack, on the other hand, the defendant challenges the factual basis underlying the court's subject matter jurisdiction with extrinsic evidence, essentially making the argument that the allegations supportive of jurisdiction are not true. Cunningham, 492 F.Supp.2d at 447. Because this Court must be satisfied at all times that it has the power to hear the case, it "may consider evidence outside the pleadings" "to resolve factual issues bearing on jurisdiction." Gould Electronics, 220 F.3d at 176; Gotha v. U.S., 115 F.3d 176, 179 (3d Cir. 1997); Int'l Ass'n

of Machinists, 673 F.2d at 711. Once the defendant presents extrinsic evidence contesting the jurisdictional facts set forth in the complaint, the court must permit the plaintiff to respond. Gould Electronics, 220 F.3d at 177. "The court may then determine jurisdiction by weighing the evidence presented by the parties," "*evaluating for itself* the merits of the jurisdictional claims." Id.; Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (emphasis added). In making this evaluation, no presumption of truthfulness attached to the allegations set forth in the complaint. Mortensen, 549 F.2d at 891. Rather, the challenge must be evaluated solely on the merits of the evidence submitted on jurisdiction. Id.

### B. Rule 12(b)(6)

Rule 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6); Phillips v. Co. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In Santiago v. Warminster Twp*.,* 629 F.3d 121 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit announced a three-step approach for analyzing the legal sufficiency of a complaint in light of the Supreme Court's standards set forth in *Twombly* and Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." Santiago, 629 F.3d at 130 (quoting Iqbal*,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" Id*.* (quoting Iqbal*,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id*.* (quoting Iqbal*,* 556 U.S. at 679). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual

basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." Weaver v. UPMC, 2008 WL 2942139, *3 (W.D.Pa. July 30, 2008) (citing Phillips, 515 F.3d at 234; and Twombly, 550 U.S. at 555).

### C. Rule 12(e)

Rule 12(e) allows a party, on motion, to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." Id. "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990)). "A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Wadhwa v. Secretary, Dept. of Veterans Affairs, 505 F. App'x. 209, 214 (3d Cir. 2012) (quoting Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3d Cir. 1967)).

## IV. DISCUSSION

### A. Dismissal for Lack of Standing Pursuant to Rules 12(b)(1) and (6)

Federal question jurisdiction is based on the ADA claim, 28 U.S.C. § 1331; 42 U.S.C. § 12188(a). Plaintiff alleges that the cited violations constitute a failure to remove architectural barriers in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and a failure to alter, design or construct accessible facilities after the effective date of the ADA in violation of § 12183(a)(1) and the

appropriate regulations, which will deter him from returning to or visiting Defendant's facilities and that, without injunctive relief, he will be unable to fully access Defendant's facilities in violation of his rights under the ADA.

He also brings this action on behalf of all others similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. He seeks a declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations, a permanent injunction directing Defendant to take all steps necessary to remove the architectural barriers and bring its facilities into ADA compliance, an order certifying the class he proposes and naming him as class representative and appointing his counsel as class counsel, payment of costs of suit, payment of reasonable attorney's fees and any other relief the Court deems just, equitable and appropriate. Defendant argues that if Plaintiff has standing, it is limited to the one location that Plaintiff has personally visited. (ECF No. 7), at ¶ 2.

Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128 (2005). Specifically, it requires "places of public accommodation" to "remove architectural barriers … in existing facilities … where such removal is readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv), and to "design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities," § 12183(a)(1). Failure to meet these requirements constitutes a violation of the ADA which may be enforced by individuals bringing suit for injunctive relief in federal court, § 12188(a).

"Under Title III of the ADA, private plaintiffs may not obtain monetary damages and

therefore only prospective injunctive relief is available." Anderson v. Macy's, Inc., 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). See 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in 42 U.S.C. § 2000a-3(a), which allows a private right of action only for injunctive relief for violations of Title II of the Civil Rights Act of 1964); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (noting that Title II allows for injunctive relief only).

Because the remedy for a private ADA Title III violation is injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations. Plaintiffs seeking prospective injunctive relief must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" requirement of standing. Anderson, 943 F. Supp. 2d at 538 (internal citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

Generally, in order to establish standing, "a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, 528 U.S. at 180-181.

Defendant urges the court to consider a "four-factor test" described in Anderson v. Khol's Corp., 2013 WL 1874812 (W.D. Pa., May 3, 2013)(unpublished):

> In Title III ADA [c]ases in which disabled plaintiffs bring suit seeking an injunction to cure discriminatory practices, courts generally look to four factors to determine the likelihood of the plaintiff returning to the place of the alleged ADA violation, and therefore whether the threat of injury is concrete and particularized: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiffs past patronage; (3) the definitiveness of the plaintiff's plan to

8

return; and (4) the plaintiff's frequency of nearby travel." "The four-factor test is one of totality, and a finding in favor of [the plaintiff] does not require alignment of all four factors."

*Id*. at *4 (internal quotations omitted). [4]

Defendant argues that Plaintiff lacks standing because, although he has alleged that he visited the 8409 University Boulevard location, he does not claim to have visited any of the other twelve (12) locations identified in the Class Action Complaint, nor has he alleged any concrete plans to visit any of these locations in the future. He has alleged only a cursory statement of intent to return to shop at those locations and to ascertain whether those facilities remain in violation of the ADA. Defendant also argues that Plaintiff lacks standing because all the location properties do not share a "commonality of architecture."

Plaintiff responds that he does not have to visit every location to establish standing, rather, the scope of his claims should be determined by application of Fed. R .Civ. P. 23 and not by a consideration of whether Plaintiff visited Defendants' other locations.

Defendant argues that a plaintiff's lack of a definitive allegation of plans to return to all locations described in the complaint amount to a failure to sufficiently allege standing to assert ADA claims. Defendant relies upon Anderson v. Kohl's Corp., *supra.*, in support of this argument; however, Defendant's reliance is misplaced as Anderson is not a class action and the plaintiff there did not seek class-wide relief. Instead, the Plaintiff in Anderson sought injunctive relief compelling barrier removal at 16 stores, 15 of which she had never visited. In the context of an individual action, the Anderson analysis is correct. However, Anderson is inapplicable to

---

[4] This four-factor test has not been adopted by the Third Circuit, but it has been cited by many district courts. See Garner v. VIST Bank, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013) (citing cases). But see Klaus v. Jonestown Bank & Trust Co. of Jonestown, 2013 WL 4079946, at *7 (M.D. Pa. Aug. 13, 2013) (describing four-part test as "rigid" and "unendorsed" by the Third Circuit, but finding that blind plaintiff who challenged ATMs met it anyway).

lawsuits seeking class-wide relief under Rule 23.

The erroneous nature of this argument was recognized recently in a Memorandum Opinion and Order by the Honorable Robert C. Mitchell: "[W]hen a plaintiff has presented a class action complaint, the issue of standing is limited to the plaintiff's individual standing, not whether the plaintiff can challenge policies as they relate to a multitude of locations. Rather that is an issue of class certification." Heinzl v. Boston Market Corp., 2014 WL 5803144, at 10 (W.D. Pa. November 7, 2014)(discussing with approval "the deterrent effect test" recently recognized by a number of courts). See also Heinzl v. Quality Foods Corporation, d/b/a/Kuhn's Mar*ket*, 2014 WL 6453894 (W.D. Pa. November 17, 2014).

More recently, Magistrate Judge Mitchell explained that although concepts of standing and adequacy of status to maintain a class action appear related, "they are independent criteria and must be evaluated separately." Heinzl v. Cracker Barrel Old Country Stores, Inc., Civil Action No. 14-1455, Report and Recommendation, January 5, 2015 (ECF No. 15), at 10 (quoting Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co., 765 F.3d 1205, 1212-14 (footnote omitted) (10th Cir. 2014)). The "question whether an injunction may properly extend" to stores that Plaintiff has not actually visited "is answered by asking whether the Plaintiff may serve as a representative of a class that seeks such relief. All that is necessary to answer this question is an application of Rule 23." Id.

The Court agrees with and adopts Magistrate Judge Mitchell's reasoning articulated in the *Heinzl* decisions. The issue of standing will not be conflated with class certification under Rule 23.

The manner in which standing must be supported depends upon the stage of the litigation at which the issue is raised: "At the pleading stage, general factual allegations of injury resulting

from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Defenders of Wildlife, 504 U.S. at 561 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)). The Court concludes that, at this initial stage of litigation, Plaintiff has sufficiently alleged the requirements of standing. Therefore, Defendant's Motion to Dismiss for lack of standing will be denied.

Further, Plaintiff has encountered architectural barriers at the location he visited and he has expressed intent to return even though the barriers remain. He has alleged a commonality of agricultural barriers and a centralized policy regarding the management and operation of the facilities, as well as a lack of plan or policy that is reasonably calculated to make Defendant's facilities full accessible to and independently usable by individuals with mobility disabilities. He has alleged specific conditions at each location which violate the regulations promulgated pursuant to the ADA. He has provided sufficient factual allegations to plausibly state a cause of action for relief pursuant to the ADA. Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) will be denied.

### B. Motion for More Definite Statement Pursuant to Rule 12(e)

Defendant asks, in the alternative, that the Court order Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" Country Classics at

Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC, 780 F.Supp.2d 367, 371 (E.D. Pa. 2011) (quoting Hughes v. Smith, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)). "Therefore, 12(e) motions will be granted only 'if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" Id. (citing S.E.C. v. Saltzman, 127 F.Supp.2d 660, 667 (E.D. Pa. 2000)). A motion for more definite statement is "'used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'" Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F.Supp.2d 513, 522 (E.D. Pa. 2012) (quoting Frazier v. SEPTA, 868 F. Supp. 757, 763 (E.D.Pa.1994) and citing Country Classics, 780 F. Supp.2d at 371). Rule 12(e) is thus "'directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Id. (quoting Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967)).

The Court concludes that the Complaint is not so vague or ambiguous that Defendant cannot frame responsive pleadings. See Pozarlik v. Camelback Assocs., Inc., Civ. A. No. 11–1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012) ("Granting a Rule 12(e) motion is appropriate only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" (quoting Sun Co. v. Badger Design & Constructors, 939 F. Supp. at 368. Defendant's request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) will, therefore, be denied.

**Conclusion**

For all the foregoing reasons, the Defendant's Motion to Dismiss the Class Action Complaint is denied. An appropriate Order follows.

**ORDER**

AND NOW, this 7th day of January, 2015,

It is hereby ORDERED that Defendant's Motion to Dismiss Class Action Complaint based upon Plaintiff's lack of standing is DENIED.

IT IS FURTHER ORDERED that Defendant's request for a more definite statement is DENIED.

IT IS FURTHER ORDERED that in accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant's Answer to the Complaint is due on or before January 22, 2015.

By the Court,

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF